**FILED**
CLERK, U.S. DISTRICT COURT
1/15/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: ___KM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CYNTHIA RAYGOZA,<br>  aka "Cynthia Curiel Curiel,"<br>ASHLEIGH BROWN,<br>  aka "ice_out_ofla,"<br>  aka "corn_maiden_design," and<br>SANDRA CARMONA SAMAME,<br>  aka "Sandra Karmona,"<br>  aka "Sandra Carolina Carmona Samame,"<br>  aka "Sandra Carmona Samane,"<br><br>    Defendants. | 2:25-cr-780(A)-SVW<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy to Publicly Disclose the Personal Information of a Federal Agent; 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5): Stalking] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.   OBJECTS OF THE CONSPIRACY

1.   Beginning on a date unknown to the Grand Jury, and continuing until on or about August 28, 2025, in Los Angeles County, within the Central District of California, defendants CYNTHIA RAYGOZA also known as ("aka") "Cynthia Curiel Curiel" ("RAYGOZA"), ASHLEIGH

BROWN, aka "ice_out_ofla," aka "corn_maiden_design" ("BROWN"), and SANDRA CARMONA SAMAME, aka "Sandra Karmona," aka "Sandra Carolina Carmona Samame," aka "Sandra Carmona Samane" ("SAMAME") (together, "defendants"), did knowingly and intentionally conspire with others known and unknown to the Grand Jury to commit the offense of Publicly Disclosing the Personal Information of a Federal Agent, in violation of Title 18, United States Code, Section 119(a).

B.  MANNER AND MEANS OF THE CONSPIRACY

2.  The objects of the conspiracy were carried out, and were to be carried out, in substance, as follows:

    a.  Defendants would follow a federal agent from the Federal Building located at 300 North Los Angeles Street in Los Angeles, California ("Federal Building") to his personal residence;

    b.  Defendants would publicly disclose the personal address of the federal agent they followed on social media, including but not limited to the following Instagram accounts associated with defendant BROWN:

        i.  "ice_out_ofla,"

        ii.  "defendmesoamericanculture," and

        iii.  "corn_maiden_design" (collectively, the "Instagram Accounts");

    c.  Defendants would encourage viewers of their posts on the above-referenced accounts, and others known and unknown to the Grand Jury, to follow the federal agent to his personal residence, in order to threaten and intimidate that federal agent or a member of the immediate family of that federal agent, and with the intent and knowledge that the personal address disclosed on the Instagram

Accounts would be used to threaten and intimidate the federal agent or a member of the immediate family of that federal agent.

C.    OVERT ACTS

3.    On or about August 28, 2025, in furtherance of the conspiracy and to accomplish its objects, defendants, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1: Defendants entered defendant BROWN's car and followed R.H., an employee of the United States Immigration and Customs Enforcement, from his place of employment at the Federal Building to his personal residence;

Overt Act No. 2: Defendants live-streamed, that is, posted a live video, on the Instagram Accounts of them following R.H. from the Federal Building to his personal residence;

Overt Act No. 3: Defendants provided directions as they were following R.H. to his personal residence, and encouraged and incited viewers of the live-stream to "share the live," "get it out," and "share ICE is in Baldwin Park";

Overt Act No. 4: Once they arrived at R.H.'s personal residence, defendants shouted to bystanders, while live-streaming on the Instagram Accounts, that their "neighbor is ICE," "la migra lives here," and "ICE lives on your street and you should know";

Overt Act No. 5: Defendants publicly disclosed on the Instagram Accounts an address approximately 100 feet from R.H.'s home and told viewers, "come on down," and in response, several individuals appeared outside R.H.'s home.

COUNT TWO

[18 U.S.C. §§ 2261A(2)(B), 2261(b)(5); 18 U.S.C. § 2(a)]

1.   Beginning on a date unknown to the Grand Jury, and continuing until on or about August 28, 2025, in Los Angeles County, within the Central District of California, defendants CYNTHIA RAYGOZA also known as ("aka") "Cynthia Curiel Curiel" ("RAYGOZA"), ASHLEIGH BROWN, aka "ice_out_ofla," aka "corn_maiden_design" ("BROWN"), and SANDRA CARMONA SAMAME, aka "Sandra Karmona," aka "Sandra Carolina Carmona Samame," aka "Sandra Carmona Samane" ("SAMAME") (together, "defendants"), each aiding and abetting the other, with the intent to harass and intimidate R.H., and placing R.H. under surveillance with the intent to harass and intimidate him, used an interactive computer service, an electronic communication system of interstate commerce, and other facilities of interstate commerce, namely interstate wires, and the internet, to engage in a course of conduct, described in paragraph 2 below, that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to R.H., R.H.'s immediate family members, and R.H.'s spouse.

2.   Defendants' course of conduct included, among other things, the following:

   a.   On or about August 28, 2025, defendants entered BROWN's car and followed R.H., an employee of the United States Immigration and Customs Enforcement, from his place of employment to his personal residence;

   b.   On or about August 28, 2025, defendants live-streamed, that is, posted a live video, on social media of them following R.H. from his place of employment to his personal residence;

4

  c. On or about August 28, 2025, defendants provided directions as they were following R.H. to his personal residence, and encouraged and incited viewers of the live-stream to "share the live," "get it out," and "share ICE is in Baldwin Park";

  d. On or about August 28, 2025, once they arrived at R.H.'s personal residence, defendants, while wearing black masks, yelled at R.H. and to the surrounding neighbors, causing one neighbor to call 911;

  e. On or about August 28, 2025, defendants shouted to bystanders and residents, while live-streaming on social media, that their "neighbor is ICE," "la migra lives here," and "ICE lives on your street and you should know";

  f. On or about August 28, 2025, BROWN, while live-streaming on social media, zoomed in on R.H. and stated, "there's the ICE agent – this is where he lives apparently," and "now the entire block knows they have an ICE agent living on their street";

  g. On or about August 28, 2025, BROWN publicly disclosed on social media an address approximately 100 feet from R.H.'s home and told viewers, "come on down," and in response, several individuals appeared outside R.H.'s home;

  h. On or about August 28, 2025, SAMAME, while live-streaming on social media, yelled at R.H. that he was a "piece of shit," "fucking idiot," and "traitor";

  i. On or about August 28, 2025, RAYGOZA, while live-streaming on social media, zoomed in on the license plate of R.H.'s personal vehicle and said, "be on the lookout for this vehicle in Baldwin Park";

j.  On or about August 28, 2025, RAYGOZA, while live-streaming on social media, yelled at R.H. that he is a "race traitor," called his wife a "white bitch," and closely approached R.H.'s face with her phone while filming R.H.;

k.  On or about August 28, 2025, RAYGOZA, while live-streaming on social media, threatened to throw her coffee in R.H.'s face and yelled, "you know I'll fucking pop you bitch, you know I will!"

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER T. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

LAUREN BORDER
Assistant United States Attorney
General Crimes Section