TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Assistant United States Attorney
Major Crimes Section
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
    1200/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4962/8231
    Facsimile: (213) 894-0141
    E-mail:  clifford.mpare@usdoj.gov
            lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CYNTHIA RAYGOZA, *et., al.*,<br><br>        Defendants. | No. CR 25-780-SVW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL GRAND JURY TRANSCRIPTS (DKT. 104); DECLARATION OF CLIFFORD D. MPARE<br><br>Hearing Date: January 26, 2026<br>Hearing Time: 11:00 A.M.<br>Location:    Courtroom of the Hon. Stephen V. Wilson |

    Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Clifford D. Mpare and Lauren E. Border, hereby files its opposition to Defendant's Motion for Disclosure of Grand Jury Transcripts (Dkt. 104).

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 21, 2026         Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

_/s/_

CLIFFORD D. MPARE
LAUREN E. BORDER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In a fishing expedition, defendant ASHLEIGH BROWN ("defendant") moves to compel the government to produce secret grand jury transcripts pertaining to the charges against her.  Defendant's claim is based on rank speculation, and she has failed to satisfy her burden of demonstrating a "particularized need" – as the law requires.  <u>First</u>, defendant argues, with no support, that knowing false testimony must have been presented to the grand jury.  <u>Second</u>, defendant claims – without any support – that the government's instructions to the grand jury were erroneous.

This Court should deny defendant's motion to compel.

**II.  FACTUAL BACKGROUND**

The September 23, 2025 indictment in this case charged the defendants with conspiracy (18 U.S.C. § 371) and a substantive count of publicly disclosing the victim's personal address (18 U.S.C. § 119(a)).  The government ultimately determined that defendants failed to state the victim's actual home address, as required under 18 U.S.C. § 119(a), and instead said the number of a neighbor's home approximately 100 feet from the victim's home.  (Dkt. 98 at 4 n.4.) Accordingly, the government moved to dismiss, and the Court dismissed Count Two of the indictment.  (Dkt. 97, 99.)

Then, on January 15, 2026 a grand jury returned a first superseding indictment charging defendants with the same conspiracy and adding a charge of stalking (18 U.S.C. § 2261A) (Dkt. 103).  The conspiracy charge in the superseding indictment amended the allegation in Overt Act 5 to indicate that defendants disclosed "an address approximately 100 feet" from the victim's home.

## III. ARGUMENT

### A. The Court Should Deny Defendant's Request for Disclosure of Grand Jury Transcripts

The "proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979) (noting that the "Supreme Court has consistently recognized" this principle). Indeed, "[s]ince the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye. The rule of grand jury secrecy . . . is an integral part of our criminal justice system." Id. at 218 n.9. More than a century of jurisprudence supports the need for grand jury secrecy, the notion being that grand jury proceedings are a cornerstone of the criminal justice system, which hold a "'high place . . . as an instrument of justice.'" Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399 (1959) (quoting Costello v. United States, 350 U.S. 359, 362 (1956)).

As the Supreme Court explained in Pittsburgh Plate Glass, the grand jury is "convened as a body of laymen, free from technical rules, acting in secret, pledged to indict no one because of prejudice and to free no one because of special favor." 360 U.S. at 400 (internal quotation marks omitted). "To make public any part of its proceedings would inevitably detract from its efficacy," as "[g]rand jurors would not act with that independence required of an accusatory and inquisitorial body."

To preserve these principles, grand jury secrecy is governed by Federal Rule of Criminal Procedure 6(e). These rules carve out a very narrow exception against the presumption of grand jury secrecy.

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), the Court may authorize disclosure of the grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The burden, thus, is on the defendant seeking disclosure. See United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986).

In addition, the party seeking the grand jury transcripts must demonstrate a "particularized need" for their disclosure. Dennis v. United States, 384 U.S. 855, 870 (1966); U.S. Indus., Inc. v. U.S. Dist. Court, 345 F.2d 18, 21 (9th Cir. 1965). To determine that there is a particularized need, a court must find "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." United States v. Plummer, 941 F.2d 799, 806 (9th Cir. 1991) (citing Douglas Oil Co., 441 U.S. at 222)). Notably, the required showing of a particularized or compelling need cannot be based on speculation. See Walczak, 783 F.2d at 857. Put simply, Rule 6(e) "is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." United States v. Loc Tien Nguyen, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004). Indeed, the Ninth Circuit has explicitly cautioned district courts against "allowing across the board fishing expeditions" into grand jury transcripts. United States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978).

Finally, "[p]robable cause means only a 'fair probability,' not certainty, and requires consideration of the totality of the

3

circumstances." <u>United States v. Hill</u>, 459 F.3d 966, 970 (9th Cir.2006) (internal citation omitted).  "The experience of a trained law enforcement agent is entitled to consideration in determining whether there was probable cause." <u>United States v. Arrellano-Rios</u>, 799 F.2d 520 (9th Cir. 1986).

          1.   <u>Defendant Fails to Demonstrate a Particularized Need for Grand Jury Materials</u>

    Here, defendant has not demonstrated a "particularized need" supporting her motion.  Indeed, defendant's motion hinges entirely on speculation about what the government did or did not do during its presentation of the case to the grand jury – as is made clear by her repeated use of the words "may" and "appears."  Specifically, defendant argues in her motion that "the government appears to have misinstructed the grand jury," and that it "seems" the government instructed the grand jury on the requirements of Section 119 incorrectly.  (Dkt. 104 at 7.)  In similar fashion, defendant posits that "the government may have instructed the grand jury that [defendant] intended to incite or facilitate the commission of a crime of violence," and that "the government likely did not instruct the grand jury on the standard for 'true threats' or incitement . . . ."  (Dkt. 104 at 8.)  Again, this is blatant speculation and defendant has not, and cannot, meet her burden to establish a particularized need for the Court to compel the production of grand jury transcripts.

    Defendant claims that the government's understanding of 18 U.S.C. § 119(a), as explained in the opposition to the motions to dismiss (Dkt. 98), somehow shows that the government misinstructed the grand jury.  (Dkt. 104 at 5.)  That argument makes no sense.  The

4

government correctly stating the law in a court filing does not show – in any way – that the government incorrectly instructed the grand jury on that same law. Indeed, the clear inference is the opposite: that the government correctly instructed the grand jury. Indeed, three days after the government explained the law in its motion opposition, a grand jury returned the first superseding indictment, again charging defendants with the same conspiracy as in the initial indictment.

### 2. Defendant Baselessly Claims the Government Presented False Testimony

Defendant has also not met her burden in showing the government presented false testimony to the grand jury. Defendant speculates that the government may have knowingly presented false evidence. (Dkt. 104 at 6.) Defendant presents no evidence in support of the claim that the government knowingly presented false evidence before the grand jury. Further, defendant does not, and cannot explain, how grand jury transcripts would demonstrate that such testimony was knowingly made. The government has acknowledged through its motion to dismiss that defendants failed to state the victim's actual home address. As a result, the government appropriately dismissed the count of the original indictment that depended on that fact. (Dkt. 98 at 4 n.4.) Defendant is wrong and her motion goes no further to support how or why the provision of grand jury transcripts would avoid any possible injustice.

There is ample evidence that defendant, in fact, conspired to dox the victim. As defendant's own motion concedes, "defendants' statements were recorded on video," and "broadcast 'live'" to defendant's social media crowd. (Dkt. 104 at 3.) This is correct. Every facet of

5

defendant's crime was captured in digital form, and the indictment, in part, relies on these facts, noting, among other things, that defendants encouraged others to "share ICE is in Baldwin Park," and to "get it out," when referring to the location of the victim's home. Put plainly, there are numerous actions, statements, and behaviors that defendant engaged in which establish probable cause that defendant committed the crimes charged in the indictment.

Finally, defendant's passing claim that the grand jury transcripts may contain Brady information are similarly farfetched (Dkt. 104 at 8). In a separate matter, Judge Olguin rejected this defendant's attempts to obtain grand jury transcripts, despite defendant's allegation that, to the extent the grand jury refused to return a "true bill," those transcripts would "likely include Brady and Giglio material." E.g., United States v. Brown, CR-25-701-FMO, Dkt. 80 (Oct. 24, 2025). This Court has also recently denied similar requests. See also United States v. Ramos-Brito, 25-CR-501-SVW, Dkt. 108 (Sept. 15, 2025) (denying defense motion to compel grand jury information and transcripts). Here too, defendant has failed to muster up any nonspeculative reasons to overcome the presumption of secrecy in grand jury proceedings.

**IV. CONCLUSION**

For the foregoing reasons, defendant has not met her burden, and this Court should deny her motion.

6