CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ERICA CHOI (Bar No. 302351)
(E-Mail: Erica_Choi@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ASHLEIGH BROWN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASHLEIGH BROWN,<br><br>　　　　Defendant. | Case No. 2:25-CR-780-SVW-2<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL GRAND JURY MATERIALS** |

　　　　The government does not deny that it falsely claimed – in court filings and in court – defendants announced Officer Huitziln's address on social media. The government offers no explanation for this. Instead, it has superseded. But the same factual and legal problems persist in the Superseding Indictment, and the underlying grand jury materials must be disclosed.

　　　　Count One could only allege a crime if defendants conspired to make publicly available *Officer Huitzilin's home address*. Not his neighbor's address. Not the city or general street name. His actual home address. The government has conceded the defendants never said his home address, and none of the allegations in the indictment supports the bald assertion that they *conspired* to do so either. The grand jury materials must be examined because only by presenting false testimony and/or erroneous legal

instructions could the government have obtained the Indictment and Superseding Indictment in this case.

To explain, in the Superseding Indictment, the government alleges defendants "provided directions as they were following [Officer Huitzilin] to his personal residence," and told viewers to "share" that information. (Count One, Overt Act No. 3; Count Two, ¶ 2(c)). That never happened. In one video, defendants follow the ICE vehicle on the freeway, and then exit the freeway. Exhibit A, USAO 26, filed under seal. That video ends. In the next video, they are on an unnamed residential street. Exhibit B, USAO 28, filed under seal. No "directions" were provided. Nor were directions "shared." The government presented false testimony to mislead the grand jury about the underlying facts.

Likewise, the Superseding Indictment falsely claims that defendants "told viewers, 'come on down,' and in response, several individuals appeared outside [Huitzilin]'s home." (Count One, Overt Act No. 5; Count Two ¶ 2(g)). As the government knows, Ms. Brown said, "come on down *to support the people*" while filming **Baldwin Park** Police Department officers on a video captioned "Baldwin PD Targets Protester." Exhibit C, USAO 23, filed under seal. In other words, the statement and video had nothing to do with Officer Huitzilin. And, as the government well knows, no individuals "appeared outside [Huitzilin]'s home." Other legal observers appeared at the location where defendants and police were standing, several houses down the street from Huitzilin's home. The government obtained the Indictment and Superseding Indictment by presenting false testimony.

In addition to false testimony, the government gave erroneous legal instructions to the grand jury. The government does not respond in any substance to the arguments about erroneous instructions in this case. The government clearly did not instruct the grand jury on the standard for "true threats" or incitement under the *Brandenberg* test. Its brief very conspicuously dances around this issue—it never once says that the grand jury was given these instructions, which are essential for the crime to be prosecutable

under the First Amendment. Nor, as to Count Two, did the government instruct the grand jury on the legal definitions of "harass" and "intimidate" in a manner consistent with the First Amendment.[1] The government's legal instructions to the grand jury, and any questions and answers made about the law and how the facts of this case fit into the law, must be examined.

It is obvious the grand jury was misled. There is no evidence the defendants agreed to broadcast Officer Huitzilin's home address. Nothing about the evidence or allegations in the indictment suggests defendants agreed to do so. And certainly nothing in the indictment alleges that an object of the conspiracy was for defendants to make "true threats" as required as required by the First Amendment. *See* Reply in Support of Motion to Dismiss, ECF 102 at 18.

Instead of responding to the actual arguments, the government calls Ms. Brown's motion to compel a "fishing expedition." The government argues Ms. Brown has no evidence (i.e., the grand jury materials) to prove her claims. But it is hard to imagine stronger evidence the grand jury was misled than the fact that the indictment contained an allegation *even the government* now concedes was false. The government provides no explanation for this falsehood and at the same time, refuses to produce the transcripts. Why? If the government correctly instructed the grand jury on the law, and presented accurate testimony, there is nothing to hide. Ms. Brown has raised with specificity the need for disclosure of grand jury materials in support of a motion to dismiss.

The Court should order disclosure of the requested materials. At the very least, it should require the government to disclose whether and how the grand jury was instructed on the standard for true threats and incitement under the *Brandenburg* test. Given that the government's brief in opposition to the motion to dismiss materially misstates the law on these points, *see* ECF 102 at 10 (explaining the government's

---

[1] The defense will be filing a supplemental Motion to Dismiss Count Two of the Superseding Indictment.

3

1 misunderstanding of First Amendment law), it seems highly unlikely that the grand jury
2 was properly instructed. And without proper instructions, the indictment must be
3 dismissed.

                                                          Respectfully submitted,

                                                          CUAUHTEMOC ORTEGA
                                                          Federal Public Defender

DATED: January 26, 2026         By  */s/ Erica Choi*
                                                          ERICA CHOI
                                                          SHANNON COIT
                                                          Deputy Federal Public Defenders
                                                          Attorney for ASHLEIGH BROWN