1   CUAUHTEMOC ORTEGA (Bar No. 257443)
    Federal Public Defender
2   Erica Choi (Bar No. 302351)
    (E-Mail: erica_choi@fd.org)
3   Shannon Coit (Bar No. 298694)
    (E-Mail: shannon_coit@fd.org)
4   Deputy Federal Public Defender
    321 East 2nd Street
5   Los Angeles, California 90012-4202
    Telephone: (213) 894-2854
6   Facsimile: (213) 894-0081

7   Attorneys for Defendant
    ASHLEIGH BROWN

8

9

## UNITED STATES DISTRICT COURT

10

## CENTRAL DISTRICT OF CALIFORNIA

11

### WESTERN DIVISION

12

13

| UNITED STATES OF AMERICA, | Case No. 2:25-CR-00780-SVW-2 |
|---|---|
| Plaintiff, | **ASHLEIGH BROWN'S MOTION IN LIMINE NO. 2 TO EXCLUDE ASHLEIGH BROWN'S STATEMENTS TO PRETRIAL SERVICES OFFICER IN DISMISSED CRIMINAL CASE** |
| v. | |
| CYNTHIA RAYGOZA ASHLEIGH BROWN SANDRA SAMANE, | **Hearing: February 9, 2026, at 11:00 A,M.** |
| Defendants. | **Trial Date: February 24. 2026** |

21      Ashleigh Brown, by and through her counsel of record, Deputy Federal Public

22  Defenders Erica Choi and Shannon Coit, hereby moves *in limine* to exclude Ms.

23  Brown's previous statements to her pre-trial officer in Case No. 2:25-CR-00701-FMO.

24                          Respectfully submitted,

25                          CUAUHTEMOC ORTEGA
                            Federal Public Defender
26

27  DATED: January 27, 2026      By  */s/ Shannon Coit*

28                                  Shannon Coit
                                    Deputy Federal Public Defender

1

# I.  INTRODUCTION

In the fall of last year, the government brought, and then voluntarily dismissed with prejudice, an unrelated federal criminal misdemeanor assault case against Ashleigh Brown. *See* Case No. 2:25-CR-00704-FMO.  No conviction resulted in that case and Ms. Brown cannot be charged with this crime again.  Introducing evidence or eliciting testimony from the dismissed case during the trial in this case would mislead and confuse a jury, require a trial-within-a-trial, and substantially prejudice Ms. Brown and the government, albeit in different ways.  Counsel for the government and Ms. Brown, in fact, agreed that such information should stay out of this trial.

However, when counsel for Ms. Brown sought clarification as to whether the government intended to introduce Ms. Brown's statements to her pre-trial officer in the dismissed case, the government did not provide a response.  So, it is out of an abundance of caution that Ms. Brown now seeks to preclude the government from introducing her previous statements from that case in this trial.  Introducing such statements in any way, including through documents, witness testimony, or questions on cross examination, would necessarily introduce that Ms. Brown was previously accused of a crime.  Such information, especially without the relevant context, is highly prejudicial and would lead to the various issues described in Federal Rule of Evidence 403.

Accordingly, the Court should preclude the government from introducing any information or eliciting testimony regarding Ms. Brown's previous criminal case, Case No. 2:25-CR-00704-FMO, including her statements to pre-trial in that case, during trial in this case.

# II.  BACKGROUND

Ms. Brown was previously on bond in an unrelated case for misdemeanor assault on a federal officer, Case No. 2:25-CR-701-FMO.  As described below, that case was ultimately dismissed with prejudice by the government.

Before the case was dismissed, on September 15, 2025, Pretrial Services submitted an Order to Show Cause why Ms. Brown's bond in that case should not be revoked.  (Case No. 2:25-CR-701-FMO, Dkt. No. 32.)  According to the Pretrial Violation Report, Ms. Brown allegedly used marijuana, followed an ICE Deportation Officer to his residence as evidenced by the complaint in this case, and was arrested for conspiracy to publicly disclose the personal information of a federal agent in this case. Pretrial questioned Ms. Brown about all of these issues.  A hearing was held on this violation report.  Ms. Brown admitted to one allegation in the Pretrial Violation Report (that a federal warrant for her arrest was issued in this case) and all other allegations were dismissed.  (Case No. 2:25-CR-701-FMO, Dkt. No. 91.)  Nonetheless, Ms. Brown's bond was revoked.  (*Id.*)

Then, a week before trial, on October 27, 2025, Ms. Brown filed a motion to compel the complete personnel files of all government witnesses set to testify at the November 4, 2025 trial and moved to exclude the complaining witness, Federal Protective Services Officer Zachary Conte, from testifying in the government's case-in-chief.  (Case No. 2:25-CR-701-FMO, Dkt. No. 83 at 1.)  The motion came after the defense discovered independently, though a basic criminal history check, that Officer Conte had previously criminal convictions, including an assault conviction, that were not disclosed to the defense.  (*Id.* at 6.)  The government had previously filed a sworn affidavit in the case stating that it had no materials to turn over to the defense pursuant to its *Henthorn* and *Brady* obligations.  (*Id.* at 1, 4 (referencing Case No. 2:25-CR-701-FMO, Dkt. No. 71 ¶ 3).)  Government counsel had revealed to the defense that they were unaware of Officer Conte's previous assault conviction in part because Officer Conte did not tell the prosecutors about the assault conviction, even though he was specifically asked about his previous convictions.  (*Id.* at 6-7.)

On the same day, Judge Olguin issued an order requiring the government to disclose details about its *Henthorn* and/or *Brady* review.  (Case No. 2:25-CR-701-FMO, Dkt. No. 85.)  Hours later, the government moved to dismiss the case with

prejudice.  (Case No. 2:25-CR-701-FMO, Dkt. No. 86.)  Because the case was not dismissed before the deadline set forth in the previous court order, the government filed a declaration regarding its *Henthorn* and *Brady* review, confirming in the filing that Officer Conte did not disclose his previous assault conviction to the prosecutors, (Case No. 2:25-CR-701-FMO, Dkt. No. 87 at 3 (explaining that the prosecutors asked Officer Conte "a series of candid questions, including about his criminal history"), or to his agency, FPS,[1] (*id.* at 4).  On October 29, 2025, the case was dismissed with prejudice and the case did not proceed to trial.  (Case No. 2:25-CR-701-FMO, Dkt. No. 89.)

On January 22, 2025, defense counsel for Ms. Brown and government counsel[2] met and conferred regarding motions *in limine* in this case.  (*See* Ex. A.)  The government stated that it would move to exclude any information regarding Ms. Brown's previous federal case, including the circumstances surrounding the government's voluntarily dismissal of the case.  (*Id.* at 2.)  Defense counsel agreed.  To avoid any confusion, defense counsel further inquired about whether the government intended to admit any evidence or elicit any testimony regarding Ms. Brown's previous statements to Pretrial Services in that case, specifically referencing the violation packet filed in that case.  Government counsel stated that she would provide a response to the defense at a later date.  (*Id.* at 2; *see also* Ex. B.)  By the filing of this motion, the government counsel has not stated whether or not the government seeks to introduce Ms. Brown's statements through documents, testimony, or questions on cross examination, if Ms. Brown testifies.

---

[1] Though the government claimed that FPS ran a NCIC report on Officer Conte after the defense raised this issue and the assault conviction did not appear on the report, the NCIC report ran by FPS was limited to the State of Florida and the conviction occurred in Pennsylvania.  (*See id.* at 4, Ex. A.)

[2] Ms. Brown's previous case, Case No. 2:25-CR-00704-FMO, involved the same prosecutors as this case, AUSAs Lauren Border and Clifford Mpare, so government counsel is familiar with both cases.

### III.  ARGUMENT

Any statement or communication made by Ms. Brown to Pretrial Services in the dismissed case is excludable under Rule 403. Though the government first raised excluding information about Ms. Brown's previous case—including the government's own dismissal of the case—to Ms. Brown's counsel, it still may seek to introduce information relating to Ms. Brown's statements in that case.  Doing so would be akin to the government sneaking prejudicial and improper character evidence through the back door without allowing her to provide the crucial context of the government's own actions in that case.  Even if the evidence was probative for some non-propensity reason, which it is not, Rule 403 exists to exclude "relevant evidence" on balance with other critical dangers, such as unfair prejudice.  *See* Fed. R. Evid. 403.

Because any information revealing that Ms. Brown was previously accused of a crime is unduly prejudicial, especially without context; would require a-trial-within-a-trial; and confuse the jury, the Court must exclude it.

**A.    Ms. Brown's Previous Statements to Pretrial Services Have Limited Probative Value in This Case.**

Ms. Brown's statements to Pretrial Services in her dismissed case is of limited probative value.  The Pretrial Services Officer's account of Ms. Brown's statements, including about this case, are not vetted, nor do they make any material issue in this case more likely.  But, permitting evidence or testimony about these statements will reveal that Ms. Brown had a Pretrial Services, was previously on bond, and was accused of committing a federal crime.  Because the parties agree that the details of her misdemeanor case, including the government's voluntary dismissed of the case, should not come into this case, (*see* Ex. A), the jurors will not have any relevant information as to what she was accused of doing, leaving it up to them to hypothesize about the severity of the crime she was accused of and how it was resolved.  This is especially problematic because the truth is that the government voluntarily dismissed the charge after it was revealed the complaining witness lied to the same prosecutors in this case.

5

There is no way that the government could sanitize these previous statements to remove the taint of its failed prosecution of Ms. Brown, and the Court should exclude them.

The government has not articulated the probative value of her previous statements, nor can it. Such statements, which reveal her previous criminal case without context, is improper character evidence. Fed. R. Evid. 404. And even if Ms. Brown testified, these statements continue to be inadmissible. The statements do not relate to any previous conviction (the case was dismissed), nor do they prove Ms. Brown is untruthful. *See* Fed. R. of Evid. 608, 609. Even if Ms. Brown made an untruthful statement, under Rule 609(b), "[e]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack . . . the witness's character for truthfulness." Courts are not required to allow cross examination on specific instances either. Instead, a court "may" allow cross examination but *only if* the statements are probative of the character for . . . untruthfulness." *Id.* Because there is no probative value to these statements, the Court should not permit such questioning even if Ms. Brown testifies.

In short, any reveal that Ms. Brown was released on bond prior to this case without the necessary context risks a juror believing "once a criminal, always a criminal." *See United States v. Bejar-Matrecios*, 618 F.2d 81, 84 (9th Cir. 1980), abrogated on other grounds by *United States v. Smith-Baltiher*, 424 F.3d 913, 917 (9th Cir. 2005) (explaining that when information about prior criminal cases is admitted, "a jury is likely to infer that, having once committed a crime, the defendant is likely to do it again"). The Court should preclude the government from using Ms. Brown's previous statements in her dismissed misdemeanor case in any way.

**B.    The Undue Prejudice of Revealing that Ms. Brown Was Previously on Pretrial Supervision for a Case the Government Dismissed Substantially Outweighs Any Limited Probative Value.**

What is also clear is that revealing that Ms. Brown was previously charged in an unrelated misdemeanor case is unduly prejudicial. Jurors will tend to believe exactly

the impermissible inference that Rule 403 is designed to avoid: if Ms. Brown was accused of a crime before, then she is more likely to commit a crime in this case. *See Bejar-Matrecios*, 618 F.2d at 84 ("[A] jury is likely to infer that, having once committed a crime, the defendant is likely to do it again.").

Once this unduly prejudicial evidence is in the record, however it may come in, the jurors can interpret it how they want, including that, because Ms. Brown is someone who was accused of a federal crime before, she is someone who commits crimes, and perhaps worse, that, because she did not get her day in court to defend herself against that alleged crime, she is more likely to have committed the crimes alleged in *this* case. Even if the government does not argue this inference, it is not a far leap for the jurors to make such an impermissible character determination.

The Ninth Circuit's reasoning in *United States v. Bejar-Matrecios* is instructive. *See* 618 F.2d at 84. In that case, the Ninth Circuit held that a district court erred in admitting a prior judgment and commitment order that showed a prior conviction for a limited purpose. *Id.* at 84-85. When admitting the evidence at trial, the government did not explain why the evidence was being offered or how it went to a material issue in the case. *Id.* at 85 ("The manner in which evidence of the prior conviction was presented to the jury increased this potential for undue prejudice."). The Ninth Circuit concluded that admitting this evidence in such a manner led to the prejudicial effect of the evidence substantially outweighing its probative value, in violation of Rule 403. *See id.* The Ninth Circuit specifically raised that "[t]he nature of the crime to which [the defendant] had pleaded guilty was never explained to the jury, and the jury had no way of knowing that it was to show [its limited purpose]." Therefore, the Ninth Circuit held "without an explanation about the narrow purpose for which the document was offered, the possibility that the jury accepted it as evidence of criminal predisposition was substantial." *Id.* Here, if Ms. Brown's previous statements to her pre-trial officer came into the trial, the parties have agreed to keep out the details of that case, including the circumstances surrounding the government's voluntarily dismissal of its own case

7

*with prejudice*.  Neither Ms. Brown, nor the government, will be able to explain the nature of the alleged misdemeanor crime (because it is inadmissible under the Federal Rules of Evidence), the merits of the previous case (because it would require a trial within a trial), or the circumstances around Ms. Brown's previous bond conditions, the case's ultimate dismissal, and other important details (because the parties agreed not to bring this information into this case).  Accordingly, the risk that the jurors accept this statement "as evidence of criminal predisposition [i]s substantial." *Id.*

Courts regularly exclude evidence in such cases as this under Rule 403, and the Court should do the same here, especially because the previous case was dismissed. *See, e.g., id.*; *Govey*, 2018 WL 472796, at \*3 (excluding prior convictions under Rule 403 because it would "be very difficult for the jury, even if the Court gives a limiting instruction, not to consider the prior drug trafficking convictions for improper character purposes"); *Carbajal v. Hayes Mgmt. Serv., Inc.*, 2023 WL 8530294, at \*3 (D. Idaho Dec. 8, 2023) ("Evidence of [a defendant's] prior criminal conviction has marginal probative value and, if admitted at trial, would likely create a significant risk of unfair prejudice."); *United States v. Rowe*, 92 F.3d 928, 933 (9th Cir. 1996) (affirming a court's refusal to allow a prior conviction into evidence under Rule 403).

## IV.  CONCLUSION

The government and Ms. Brown agreed that information relating to the previous case against Ms. Brown, Case No. 2:25-CR-00701-FMO, including the circumstances that caused the government to move to dismiss the case, will not come into this case. That preclusion of evidence should encompass any statements that Ms. Brown made to Pretrial Services in that case, including, but not limited, to any alleged statements that appear in the violation packet dated September 15, 2025.  Introducing evidence or questioning witnesses about such information would necessarily reveal that Ms. Brown was charged with a crime, without permitting Ms. Brown to provide any context to the dismissed charge.  This would unduly prejudice her, cause jury confusion, require a trial-within-a-trial, and waste the time.

1    Accordingly, the Court should preclude the government from introducing

2 evidence or eliciting any testimony regarding Case No. 25-CR-00701-FMO, including

3 Ms. Brown's statements to Pretrial Services.

4

5                                             Respectfully submitted,

6                                             CUAUHTEMOC ORTEGA
                                              Federal Public Defender

7

8 DATED:  January 27, 2026          By   /s/ Shannon Coit
                                          ————————————————————
9                                         Erica Choi
                                          Shannon Coit
10                                        Deputy Federal Public Defender
                                          Attorney for Ashleigh Brown

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28