1  TODD BLANCHE
   Deputy Attorney General
2  BILAL A. ESSAYLI
   First Assistant United States Attorney
3  ALEXANDER B. SCHWAB
   Assistant United States Attorney
4  Acting Chief, Criminal Division
   LAUREN E. BORDER (Cal. Bar No. 327770)
5  Assistant United States Attorney
   General Crimes Section
6  CLIFFORD D. MPARE (Cal. Bar No. 337818)
   Assistant United States Attorney
7  Major Crimes Section
        1200 United States Courthouse
8       312 North Spring Street
        Los Angeles, California 90012
9       Telephone: (213) 894-8231/4962
        Facsimile: (213) 894-0141
10      E-mail:   lauren.border@usdoj.gov
                  clifford.mpare@usdoj.gov
11
   Attorneys for Plaintiff
12 UNITED STATES OF AMERICA

13               UNITED STATES DISTRICT COURT

14           FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 UNITED STATES OF AMERICA,        No. 2:25-cr-00780-SVW

16        Plaintiff,                JOINT DISPUTED PROPOSED JURY
                                    INSTRUCTIONS PROPOUNDED BY THE
17           v.                     GOVERNMENT

18 CYNTHIA RAYGOZA,                 Trial Date:  February 24, 2026
     aka "Cynthia Curiel           Time:         9:00 a.m.
19 Curiel,"                         Location:   Courtroom of the Hon.
   ASHLEIGH BROWN,                              Stephen V. Wilson
20   aka "ice_out_ofla,"
     aka "corn_maiden_design,"
21 and
   SANDRA CARMONA SAMAME,
22   aka "Sandra Karmona,"
     aka "Sandra Carolina
23 Carmona
     Samame,"
24   aka "Sandra Carmona
   Samane,"
25        Defendants.

26

27

28

                              1

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Clifford D. Mpare and Lauren E. Border; defendant CYNTHIA RAYGOZA, by and through her counsel of record Gregory Nicolaysen; defendant ASHLEIGH BROWN, by and through her counsel of record Erica Choi and Shannon Coit; and defendant SANDRA CARMONA SAMAME, by and through her counsel of record Robert Bernstein, hereby submit their Joint Disputed Proposed Jury Instructions Propounded by the Government in the above-captioned case.

Dated: February 5, 2026              Respectfully submitted,

                                     TODD BLANCHE
                                     Deputy Attorney General

                                     BILAL A. ESSAYLI
                                     First Assistant United States Attorney

                                     ALEXANDER B. SCHWAB
                                     Assistant United States Attorney
                                     Acting Chief, Criminal Division


                                           /s/
                                     _____
                                     LAUREN E. BORDER
                                     CLIFFORD D. MPARE
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

Dated: February 5, 2026                    /s/*
                                     _____
                                     GREGORY NICOLAYSEN
                                     Attorney for Defendant
                                     CYNTHIA RAYGOZA

                                     *signed with email authorization

Dated: February 5, 2026

                                                          /s/*

ERICA CHOI
SHANNON COIT
Attorneys for Defendant
ASHLEIGH BROWN

*signed with email authorization

Dated: February 5, 2026

                                                          /s/*

ROBERT BERNSTEIN
Attorneys for Defendant
SANDRA CARMONA SAMAME

*signed with email authorization

**INDEX OF DISPUTED PROPOSED JURY INSTRUCTIONS**

**PROPOUNDED BY THE GOVERNMENT**

| Government Proposed No. | Title | Source | Page |
|---|---|---|---|
| 2[1] | Conspiracy – Elements | Ninth Circuit Model Criminal Jury Instructions, No. 11.1 (2022 ed.) | 1 |
| 3 | Public Disclosure of Personal Information of a Federal Agent – Elements | 18 U.S.C. § 119; 18 U.S.C. § 1114; Virginia v. Black, 538 U.S. 343 (2003) | 6 |
| 4 | Stalking – Elements | 18 U.S.C. § 2261A(2)(B) and various (see instruction) | 12 |
| 5 | Aiding and Abetting (18 U.S.C. § 2(a)) | Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed.) | 18 |

---

[1] The parties request the Court read the joint undisputed instruction for Separate Consideration of Multiple Counts – Multiple Defendants before the instructions below.

i

**GOVERNMENT PROPOSED INSTRUCTION NO. 2**

The defendants are charged in Count One of the indictment with conspiracy to make publicly available the restricted personal information of R.H., in violation of Section 119(a) of Title 18 of the United States Code.  For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown and continuing until on or about August 28, 2025, there was an agreement between two or more persons to publicly disclose the personal information of a federal agent; and

Second, defendants became members of the conspiracy knowing of its purpose and intending to help accomplish that purpose; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit the crime alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

Ninth Circuit Model Criminal Jury Instructions, No. 11.1 (2022 ed.) [Conspiracy – Elements]

2

**DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 2 AND ALTERNATIVE INSTRUCTION**

The defense objects to the government describing the conspiracy as "beginning on a date unknown." As the government's motions in limine indicate, the conspiracy began and ended on August 28, 2025, and the instructions should reflect that as well.

**Defendants propose an alternative instruction as follows:**

The defendants are charged in Count One of the indictment with conspiracy to make publicly available the restricted personal information of R.H., in violation of Section 119(a) of Title 18 of the United States Code.  For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on and ending August 28, 2025, there was an agreement between two or more persons to make publicly available the restricted personal information of R.H. in violation of Section 119(a) of Title 18; and

Second, defendants became members of the conspiracy knowing of its purpose and intending to help accomplish that purpose; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit a crime.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply

met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime alleged in the indictment as the object or purpose of the conspiracy with all of you agreeing that the conspirators agreed to commit that crime.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

Source: Ninth Circuit Model Criminal Jury Instructions, No. 11.1 (2022 ed.) [Conspiracy - Elements]

**GOVERNMENT RESPONSE TO DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 2 AND ALTERNATIVE INSTRUCTION**

Defendants improperly attempt to narrow the scope of their conspiracy by changing the language "beginning on a date unknown and continuing until on or about August 28, 2025" to "beginning on and ending August 28, 2025."  Count One of the First Superseding Indictment in this case charges defendants with a conspiracy "[b]eginning on a date unknown to the Grand Jury, and continuing until on or about August 28, 2025."  (Dkt. 103.)  The jury instructions should reflect the charge in the indictment.

1

## GOVERNMENT PROPOSED INSTRUCTION NO. 3

2      To make publicly available the restricted personal information

3  of R.H., in violation of Section 119(a) of Title 18 of the United

4  States Code, a person must knowingly make restricted personal

5  information about a federal agent, or a member of the immediate

6  family of that federal agent, publicly available, with the intent to

7  threaten or intimidate that federal agent, or a member of the

8  immediate family of that federal agent; or with the intent and

9  knowledge that the personal information will be used to threaten or

10  intimidate that federal agent, or a member of the immediate family

11  of that federal agent.

12      "Restricted personal information" means the Social Security

13  number, the home address, home phone number, mobile phone number,

14  personal email, or home fax number of, and identifiable to, that

15  individual.

16      "Threaten" in this context means communicating a serious

17  expression of an intent to commit an act of unlawful violence to a

18  particular individual or group of individuals.

19      "Intimidate" in this context means directing a threat to a

20  person or group of persons with the intent of placing the victim in

21  fear of bodily harm or death.

22  / /

23  / /

24  / /

25

26

27

28

6

To convict defendants on Count One of the indictment, the government need not prove that defendants actually violated Section 119(a) of Title 18 of the United States Code.  It is sufficient for the government to prove beyond a reasonable doubt that defendants conspired to do so.

18 U.S.C. § 119; 18 U.S.C. § 1114 (defining a "covered person" to include federal agents); Virginia v. Black, 538 U.S. 343 (2003) (defining "threaten" and "intimidate").

**DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 3 AND ALTERNATIVE INSTRUCTION**

The defense seeks an instruction that makes clear that for 18 U.S.C. § 119(a), the speech itself must be a true threat. The intent to threaten alone is not sufficient for a violation of 18 U.S.C. § 119(a). To that end, the defense requests an element explaining that the speech be a true threat be added.

The defense also requests a sentence defining "make [information] publicly available." As previously briefed, this is a key element of the statute. *See* Motion to Dismiss, ECF 93, 5-7.

Finally, the defense proposes a definition of "true threat" that comes from the Sixth Circuit Pattern Instructions for transmission of threats (18 U.S.C. § 875(c)). The pattern instruction is based on *Counterman v. Colorado*, 600 U.S. 66, 72-78 (2023)), a Supreme Court case that analyzed whether the First Amendment requires proof of a defendant's subjective mindset in true-threats cases, and if so, what mens rea standard was sufficient. The Court held that the government must prove in true-threats cases that the defendant had some subjective understanding of his statements' threatening nature, but the First Amendment requires no more demanding a showing than recklessness.

**Defendants propose an alternative instruction as follows:**

To make publicly available the restricted personal information of R.H., in violation of Section 119(a) of Title 18 of the United States Code, all of the following must be true:

First, the person knowingly made publicly available the restricted personal information of a federal agent, or a member of the immediate family of that federal agent;

8

Second, the act of making the restricted personal information publicly available was a threat; and

Third, the person did so with the intent to threaten or intimidate that federal agent, or a member of the immediate family of that federal agent; or with the intent and knowledge that the personal information would be used to threaten or intimidate that federal agent, or a member of the immediate family of that federal agent.

To "make [information] publicly available" means to publish information that was not previously available to the public.

"Restricted personal information" means the Social Security number, the home address, home phone number, mobile phone number, personal email, or home fax number of, and identifiable to, that individual.

"Threat" in this context means a serious expression of intent to inflict bodily harm on a particular person that a reasonable observer would perceive to be an authentic threat.

To "threaten" or "intimidate" in this context means directing a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death.

To convict defendants on Count One of the indictment, the government need not prove that defendants actually violated Section 119(a) of Title 18 of the United States Code. It is sufficient for the government to prove beyond a reasonable doubt that defendants conspired to do so.

Source: 18 U.S.C. § 119; Sixth Circuit Pattern Jury Instruction 18.01 (defining "threat"); Counterman v. Colorado, 600 U.S. 66, 72-78 (2023).

1    **GOVERNMENT RESPONSE TO DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED**

2    **INSTRUCTION NO. 3 AND ALTERNATIVE INSTRUCTION**

3    <u>First</u>, defendants seek to insert an element that is not present

4    in the anti-doxxing statute: "the act of making the restricted

5    personal information publicly available was a threat."  This is not

6    an <u>element</u> of the offense; the <u>definitions</u> of "threaten" and

7    "intimidate" account for the legal standard.  The Court should use

8    the definitions of those terms requested by the government, and

9    decline to insert defendants' new element.

10    <u>Second</u>, defendants assert that to "make [information] publicly

11    available" means "to publish information that was not previously

12    available to the public."  As explained in the government's

13    opposition to defendants' motion to dismiss Count One of the

14    indictment (dkt. 98), this is inconsistent with the text of 18

15    U.S.C. § 119, which says "make publicly available," not "make

16    publicly available <u>for the first time.</u>"  Defendants' interpretation

17    of the statute would raise endless line-drawing questions about what

18    counts as the "first time," and ignores the damage done by

19    collecting and intentionally posting a federal agent's personal

20    information online.  <u>See</u> <u>Am. Farm Bureau Fed'n v. EPA</u>, 836 F.3d 963,

21    972 (8th Cir. 2016) ("There is an important distinction between the

22    mere <u>ability</u> to access information and the likelihood of actual

23    public <u>focus</u> on that information.") (cleaned up) (emphasis in

24    original).

25    <u>Third</u>, defendant inserts definitions of "threat," "threaten,"

26    and "intimidate" which are not consistent with the seminal case

27    <u>Virginia v. Black</u>, 538 U.S. 343 (2003).  <u>Black</u> clearly defines

28    "threaten" in this context to mean "communicating a serious

expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Id. at 359. And Black also clearly defines "intimidate" in this context as "directing a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death." Id. at 360. Defendants' cobbled-together definitions muddies the law and will needlessly confuse the jury with its different definitions of "threaten" versus "threat."

1

**<ins>GOVERNMENT PROPOSED INSTRUCTION NO. 4</ins>**

2   The defendants are charged in Count Two of the indictment with

3   stalking, in violation of Title 18, United State Code, Section

4   2261A(2)(B).

5   For each defendant to be found guilty of that charge, the

6   government must prove the following elements beyond a

7   reasonable doubt:

8   First, that the defendant possessed the intent to harass or

9   intimidate another person, or place that person under surveillance

10   with the intent to harass or intimidate them;

11   Second, that the defendant pursued that intention through a

12   course of conduct that made use of the mail, any interactive

13   computer service or electronic communication service or electronic

14   communication system of interstate commerce, or any other facility

15   of interstate or foreign commerce; and

16   Third, that the defendant's course of conduct caused, attempted

17   to cause, or would be reasonably expected to cause substantial

18   emotional distress to R.H., R.H.'s spouse, or a member of R.H.'s

19   immediate family.

20   "Harass" means to repeatedly or persistently use words,

21   conduct, or action that, being directed at a specific person,

22   annoys, alarms, or causes substantial emotional distress in that

23   person and serves no legitimate purpose.

24   "Intimidate" in this context means to make timid or fill with

25   fear.

26   "Substantial emotional distress" means mental distress, mental

27   suffering, or mental anguish, and includes depression, dejection,

28   shame, humiliation, mortification, shock, indignity, embarrassment,

grief, anxiety, worry, fright, disappointment, nausea, and nervousness, as well as physical pain. When considering whether the intended course of conduct "would be reasonably expected to cause" substantial emotional distress, you must consider whether, in light of the evidence presented in this case, a reasonable person in the same or similar circumstances as the victim would suffer substantial emotional distress as a result of the intended course of conduct, as defined in these instructions.

A "course of conduct" is a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. You may consider each communication between the defendant and R.H. or his family members as a separate act. You are not required to agree unanimously on which two or more acts constitute the course of conduct. Not all acts that constitute part of a course of conduct must involve the use of the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce.

A mobile phone and the internet are each facilities of interstate commerce.

18 U.S.C. § 2261A(2)(B); 18 U.S.C. § 2266(2) (defining "course of conduct"); United States v. Pantchev, 2:21-CR-00050-JFW (similar instruction on § 2261A(2)(B) count); United States v. Davis, 5:14-CR-00240-D (E.D.N.C.) (same); United States v. Ackell, 1:15-CR-123-

13

JL (D.N.H.) (same); United States v. Osinger, 753 F.3d 939, 945 (9th Cir. 2014) (definition of "harass" and "substantial emotional distress"); United States v. Shrader, 675 F.3d 300 (4th Cir. 2012) (definition of "intimidate"); United States v. Ackell, 907 F.3d 67 (1st Cir. 2018); Fifth Circuit Pattern Jury Instruction (Criminal Cases) No. 2.86B (2019 ed.); United States v. Gonzalez, 905 F.3d 165 (3d Cir. 2018); United States v. Bell, 303 F.3d 1187 (9th Cir. 2002); United States v. Bowker, 372 F.3d 365 (6th Cir. 2004); United States v. Conlan, 786 F.3d 380 (5th Cir. 2015); United States v. Lapine, 714 F.3d 641, 647 (1st Cir. 2013) (jury unanimity not required as to subsidiary facts that establish means of carrying out scheme to defraud, i.e., jury may unanimously agree that government proved a scheme to defraud even if it disagrees as to the precise means by which it was proven); United States v. Temkin, 797 F.3d 682, 690-91 and n.1 (9th Cir. 2015) (telephone and internet are facilities of interstate commerce); United States v. Barlow, 568 F.3d 215, 220 (5th Cir. 2009) ("[I]t is beyond debate that the Internet and email are facilities or means of interstate commerce.").

**DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 4 AND ALTERNATIVE INSTRUCTION**

The defense objects to the government's lengthy instruction, which misstates the charges in the Superseding Indictment. The defense proposes the Court instead use the Fifth Circuit Model Instructions for 18 U.S.C. § 2261A(2).

The government's proposed instruction states the defendants intended to harass or intimidate "them," but the Count Two alleges defendants intended to harass and intimidate R.H. specifically. As such, the instruction should specify R.H., not "them." Likewise, in the second element, the course of conduct must include at least two acts that involve an interstate commerce facility. The defense objects to the government's description of "course of conduct."

Likewise, in the second element, the Superseding Indictment alleges the use of "facilities of interstate commerce, namely interstate wires." As such, the additional language of "mail" and "interactive computer service" should be omitted.

The defense objects to defining "harass," "intimidate," and "substantial emotional distress." In particular, the statute does not include a definition of "substantial emotional distress," and the government's verbose definition is completely unnecessary. Finally, in line 2, the government's proposed instruction states the crime alleged in Count Two is "stalking." The crime alleged is not "stalking" by crossing state lines. Rather, the crime alleged is using a facility of interstate commerce with the intent to stalk. The Fifth Circuit Model Instruction tracks the language of the statute and correctly depicts the crime alleged, and should be used

15

1  here.

2      **Defendants propose an alternative instruction as follows:**

3      The defendants are charged in Count Two of the indictment with

4  using an interactive computer service, an electronic communication

5  system, interstate wires, or the internet with the intent to stalk

6  R.H.

7      For each defendant to be found guilty of that charge, the

8  government must prove all of the following elements beyond a

9  reasonable doubt:

10     First, the defendant used an interactive computer service, an

11  electronic communication system, interstate wires, or the internet;

12     Second, the defendant did so with the intent to harass or

13  intimidate R.H.; and

14     Third, that through the use of the interactive computer

15  service, an electronic communication system, interstate wires, or

16  the internet, the defendant engaged in a course of conduct that

17  caused, attempted to cause, or would be reasonably expected to cause

18  substantial emotional distress to R.H., R.H.'s spouse, or a member

19  of R.H.'s immediate family.

20     A "course of conduct" is defined as a pattern of conduct

21  composed of two or more acts, evidencing a continuity of purpose.

22

23

24

25

26  Source: Fifth Circuit Model Instruction 2.68B (18 U.S.C.

27  §§ 2261A(2)).

28

16

**GOVERNMENT RESPONSE TO DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 4 AND ALTERNATIVE INSTRUCTION**

Defendants' proposed instruction is a transparent effort to mislead and confuse the jury.

First, defendants over-complicate the name of the stalking statute, 18 U.S.C. § 2261A, by calling it "using an interactive computer service, an electronic communication system, interstate wires, or the internet with the intent to stalk R.H." 18 U.S.C. § 2261A is entitled "Stalking." Ninth Circuit jurisprudence surrounding section 2261A(2) has consistently referred to the instant offense as "stalking." See United States v. Osinger, 739 F. 3d 939 (9th Cir. 2014) (referring to 2261A(2) as "the stalking statute," and "interstate stalking"). And commonly in this district, this Court has referred to 18 U.S.C. § 2261A as "stalking" or "cyberstalking." See, e.g., United States v. Lipman, 2:23-CR-00491-FLA, Dkt. 190 (jury instructions referring to 2261A(2)(B) as a violation of "stalking.").

Second, defendants' instruction lacks three key definitions: "harass," "intimidate," and "substantial emotional distress."[2] Without these definitions, the jury will lack adequate guidance. The jury may also misapply the definition of the word "intimidate" from the anti-doxxing statute, when case law makes clear the definition is less stringent in the context of the stalking statute. The government's proposed definitions are supported by case law and necessary to properly instruct the jury considering there is no model Ninth Circuit jury instruction for stalking.

---

[2] Defendants' definition of "course of conduct" will be filed separately as defendants' proposed instruction number 6.

17

## GOVERNMENT PROPOSED INSTRUCTION NO. 5

A defendant may be found guilty of stalking, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of stalking by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed stalking;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of stalking;

Third, the defendant acted with the intent to facilitate stalking; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendants merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that each defendant acted with the knowledge and intention of helping that person commit stalking.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

/ /

/ /

/ /

18

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed.) [Aiding and Abetting (18 U.S.C. § 2(a))].

**DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 5 AND ALTERNATIVE INSTRUCTION**

The defense objects to the instruction's reference to Count Two as "stalking." That is not the crime alleged. The defense's proposal replaces "stalking" with the actual crime that is charged in Count Two: using an interactive computer service, an electronic communication system, interstate wires, or the internet with the intent to stalk.

**Defendants propose an alternative instruction as follows:**

A defendant may be found guilty of using an interactive computer service, an electronic communication system, interstate wires, or the internet with the intent to stalk R.H., even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Count Two by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the offense of using an interactive computer service, an electronic communication system, interstate wires, or the internet with the intent to stalk R.H.;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of that offense;

Third, the defendant acted with the intent to facilitate that offense; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendants merely associated with the person committing the crime, or unknowingly or unintentionally did

20

things that were helpful to that person or was present at the scene
of the crime.  The evidence must show beyond a reasonable doubt that
each defendant acted with the knowledge and intention of helping
that person commit the offense of using an interactive computer
service, an electronic communication system, interstate wires, or
the internet with the intent to stalk R.H.

A defendant acts with the intent to facilitate the crime when
the defendant actively participates in a criminal venture with
advance knowledge of the crime and having acquired that knowledge
when the defendant still had a realistic opportunity to withdraw
from the crime.

The government is not required to prove precisely which
defendant actually committed the crime and which defendant aided and
abetted.

**GOVERNMENT RESPONSE TO DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 5 AND ALTERNATIVE INSTRUCTION**

Defendants attempt to complicate a simple charge. 18 U.S.C. § 2261A is entitled "Stalking." As noted above, Ninth Circuit jurisprudence surrounding section 2261A(2) has consistently referred to the instant offense as "stalking." See United States v. Osinger, 739 F. 3d 939 (9th Cir. 2014) (referring to 2261A(2) as "the stalking statute," and "interstate stalking"). Defendants' proposal to remove the operative language related to the offense from the jury instructions serves no purpose other than to attempt to complicate the issues the jury must assess in their role as the finders of fact. Respectfully, the government requests the Court adopt the government's proposed instruction number 5 above.